UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>BAKER, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:13-cv-00025-MMD-VPC<br><br>ORDER |

　　　　This habeas matter comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases and on petitioner's two motions (dkt. nos. 3 and 4) for appointment of counsel.  The filing fee has been paid.

　　　　Petitioner Armando Ramirez challenges his April 10, 2007, Nevada state conviction, pursuant to a jury verdict, of conspiracy to commit murder and first-degree murder with the use of a deadly weapon. He was sentenced to, *inter alia*, two (2) consecutive sentences of life with the possibility of parole, with 346 days credit for time served.  Under the law applicable at the time of the July 14, 2003, offense, it appears on preliminary review that a twenty (20) year minimum sentence must be served on each life sentence before petitioner will be eligible for consideration for parole on each such sentence.  It thus would appear that he must serve a minimum of forty (40) years before being eligible to a non-institutional parole.  Accordingly, given the credit for time served and his current age, 39, it would appear that petitioner will be in his seventies before he will be eligible for a parole outside of a prison.  Ramirez challenged the judgment of conviction on direct appeal and state post-conviction review.

Against the backdrop of the foregoing strictly preliminary and non-definitive review, the Court finds that appointment of counsel is in the interests of justice given: (a) the lengthy sentence structure, under which petitioner will be in prison until his seventies; (b) the potential complexity of the procedural and substantive issues that may be presented; (c) the relatively limited degree of claim articulation that petitioner demonstrated in his *pro se* petition over and above factual recital; and (d) the concerns raised in *John Tole Moxley v. Neven*, Case No. 2:07-cv-01123-RLH-GWF, dkt. no. 25, based on the record presented at that time, regarding effective access to legal resources at Ely State Prison ("Ely), in connection with a discretionary appointment of federal habeas counsel.[1]

The motions for appointment of counsel therefore will be granted.

It is therefore ordered that the Clerk of Court shall file the petition.

It is further ordered that petitioner's motions (dkt. nos. 3 & 4) for appointment of counsel are granted as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation

---

[1]The unpublished *Moxley* decision, which granted a motion for appointment of federal habeas counsel, does not conclusively establish that the legal resources at Ely are constitutionally inadequate. Nor does the decision automatically establish cause and prejudice to overcome a procedural default or a basis for equitable tolling of the federal limitation period. The Court nonetheless does take into account that Ely inmates can access the prison law library only indirectly through a paging system. Even if the paging system at Ely has been improved subsequent to *Moxley*, it would be difficult for a *pro se* inmate to effectively litigate a habeas matter as complex as this particular case using such a system. The Court's concern in appointing federal habeas counsel is not limited to avoiding a constitutional violation, as it instead seeks to serve the interests of justice in a broader sense. In that regard, the Court takes into account how access to legal resources is provided at the institution.
   This order does not implicitly accept, however, all of the contentions advanced in the second motion for counsel as a basis for granting the motion. For example, an alleged failure to update legal volumes that need not be maintained under the governing law for prisoner litigation, such as the multi-topic Federal Practice Digest, does not provide a basis for appointment of counsel. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).

of petitioner or to indicate an inability to do so.  If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel.  A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the initial review herein, for approximately one hundred fifty (150) days from entry of the formal order of appointment.  Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner (along with a copy of the petition), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED THIS 19th day of September 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE