UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ARMANDO RAMIREZ, | Case No. 3:13-cv-00025-MMD-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| BAKER, et al., | |
| Respondents. | |

This habeas matter comes before the Court for initial review of the counseled amended petition (dkt. no. 17) and on an outstanding extension motion (dkt. no. 16). Following review, a response will be ordered.

It is therefore ordered that petitioner's motion for an extension of time (dkt. no. 16) is granted *nunc pro tunc* in connection with the first amended petition filed on July 15, 2014, and further subject to the prior caveat regarding extensions and the limitation period. *See* dkt. no. 12, at 1; *see also Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of entry of this order. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.

It is further ordered that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses

raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by either party by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that, following upon the Court's prior order, all hard copies of exhibits shall be sent for this case to the Clerk's Office in Reno.

DATED THIS 1st day of August 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE