UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>BAKER, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:13-cv-00025-MMD-VPC<br><br>ORDER |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' motion to partially dismiss the amended petition. (Dkt. no. 24.) Petitioner has opposed the motion (dkt. no. 26), and respondents replied (dkt. no. 27).

**I.    PROCEDURAL HISTORY AND BACKGROUND**

In February 2007, petitioner Armando Ramirez ("petitioner") was convicted pursuant to a jury trial of count 1: conspiracy to commit murder and count 2: first-degree murder with the use of a deadly weapon (exhibits to amended petition, dkt. no. 17, Exh. 21).[1] On April 10, 2007, petitioner was sentenced as follows: count 1 — a term of two to ten years; count 2 — life with the possibility of parole plus an equal and consecutive term for the use of the deadly weapon to run concurrent with count 1. (Exh. 23.) The judgment of conviction was entered on May 15, 2007. (Exh. 24.)

---
[1] All exhibits referenced in this order are exhibits to the amended petition, dkt. no. 17, and are found at dkt. nos. 18-22.

Petitioner appealed, and the Nevada Supreme Court affirmed his convictions on October 17, 2008. (Exh. 31.) Remittitur issued on November 12, 2008. (Exh. 30.)

On January 26, 2009, petitioner filed a state postconviction petition for writ of habeas corpus. (Exh. 32.) The state district court appointed counsel, and counsel filed a supplemental petition. (Exhs. 36, 56.) The state district court held an evidentiary hearing on March 11, 2010. (Exh. 35.) The court allowed further briefing after the hearing and denied the petition thereafter on April 29, 2010. (Exh. 37.) Petitioner, through counsel, appealed, raising one claim for relief. (Exh. 42.) The Nevada Supreme Court affirmed the district court's denial of the petition on May 10, 2012. (Exh. 44.) Remittitur issued on June 6, 2012. (Exh. 45.)

Petitioner dispatched his federal petition for writ of habeas corpus on January 13, 2013. (Dkt. no. 9.) This Court appointed counsel, and an amended petition was filed on July 15, 2014. (Dkt. nos. 12, 17.) Respondents now argue that grounds 3 and 4 are unexhausted. (Dkt. no. 24.)

## II.    LEGAL STANDARD FOR EXHAUSTION

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been

2

raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**III.    RELEVANT GROUNDS IN INSTANT PETITION**

Petitioner sets forth four grounds for relief in his amended petition. (Dkt. no. 17 at 14-24.) Respondents argue that grounds 3 and 4 are unexhausted. (Dkt. no. 24 at 5-9.)

///

## A.     Ground 3

In ground 3 of his federal petition, petitioner contends that the State violated his constitutional rights to a fair trial, due process, and the right to accurate jury instructions on the material elements of the charged offenses by failing to instruct the jury that it was the State's burden to prove petitioner did not act in self-defense or under the heat of passion. (Dkt. no. 17 at 20-23.) Petitioner asserts that he presented this claim to the Nevada Supreme Court in his direct appeal. (Dkt. no. 17 at 20; Exh. 27.)

In affirming petitioner's convictions on direct appeal, the Nevada Supreme Court stated that such self-defense instruction "should be provided 'upon request.'" (Exh. 31 at 8, quoting *Crawford v. State*, 121 P.3d 582, 589 (Nev. 2005).) The court then held that because petitioner did not request such an instruction he had no basis for appeal and was not entitled to relief. (*Id.* at 8-9.) Petitioner now also asserts in federal ground 3 that it subsequently came to light in his state postconviction proceedings that his trial counsel did in fact request a self-defense instruction in chambers. (Dkt. no. 17 at 20.) Petitioner states that "[t]he trial court simply neglected to put this fact on the record." (*Id.*) Thus, petitioner now argues that the Nevada Supreme Court's determination that his trial counsel did not request the instruction, and therefore, petitioner is not entitled to relief, is clearly erroneous. (*Id.*)

Respondents argue that these additional allegations that trial counsel did request a self-defense instruction in chambers render this a different claim than the claim petitioner raised on direct appeal. (Dkt. no. 24 at 5-9.) Petitioner contends that he raised this second portion of federal ground 3 as his sole claim in his appeal to the Nevada Supreme Court of the denial of his state postconviction petition. (Dkt. no. 17 at 20; Exh. 42.) Petitioner is incorrect. The claim petitioner raised on appeal of his state postconviction petition is that trial counsel rendered ineffective assistance when he failed to preserve the objection to the denial of the requested self-defense instruction

///

4

on the record. (Exh. 42.) Such claim is materially and factually distinct from federal ground 3, and accordingly, federal ground 3 is unexhausted.

### B.     Ground 4

As federal ground 4, petitioner claims that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights when he failed to lodge the proper objections with respect to the jury instruction issues raised in grounds 1 through 3. (Dkt. no. 17 at 23-24.) The jury instructions at issue are: ground 1 — a "natural and probable consequences" theory of coconspirator liability; ground 2 — an aiding and abetting/use of a deadly weapon instruction; and ground 3 — the self-defense instruction. (*Id.* at 14-23.) Petitioner states that he presented his ineffective assistance claims to the Nevada Supreme Court on direct appeal. (*Id.* at 23.) Respondents point out that Nevada law generally requires claims of ineffective assistance of counsel to be brought in postconviction proceedings. (Dkt. no. 24 at 7-8; citing *Pellegrini v. State*, 34 P.3d 519 (Nev. 2001).)

In petitioner's direct appeal, with respect to the jury instructions at issue in federal grounds 1 and 2, petitioner referenced ineffective assistance of counsel at the end of his argument as to each instruction: "Although trial counsel did not object to this instruction, this issue should be considered as a matter of plain error. In the alternative, trial counsel were ineffective as a matter of law for failing to object to this instruction as there can be no strategic or tactical reason for the inclusion of this instruction." (Exh. 27 at 22, 23-24 (internal citations omitted).)

In *Pellegrini v. State*, the Nevada Supreme Court stated "we have generally declined to address claims of ineffective assistance of counsel on direct appeal unless there has already been an evidentiary hearing or where an evidentiary hearing would be unnecessary." *Pellegrini v. State,* 34 P.3d at 534. In his opposition to the motion to dismiss, petitioner argues, without elaboration, that his "ineffective assistance of counsel claim that there could be no strategic or tactical reason for failing to correct incorrect jury instructions detrimental to the defense falls within that exception." (Dkt.

no. 26 at 13.) This Court is not persuaded that the cursory, one-sentence reference to ineffective assistance of counsel with respect to trial counsel's failure to object to the jury instructions on natural and probable consequences and aiding and abetting / deadly weapon fairly presented these two ineffective assistance of counsel claims. Notably, the single sentence does not address — even in a conclusory fashion — the prejudice prong of *Strickland*.[2] Moreover, in its order affirming the convictions, the Nevada Supreme Court was silent regarding petitioner's brief reference to ineffective assistance of counsel. Such silence strongly suggests that any ineffective assistance of counsel claims — prior to any evidentiary hearing or opportunity to develop the claims — were not fairly presented to the Court on direct appeal.

Having reviewed the record and the parties' arguments, this Court concludes that the following portions of ground 4 are unexhausted: ground 4(a) — ineffective assistance of trial counsel for failure to object to the jury instruction that is the subject of federal ground 1; and ground 4(b) — ineffective assistance of trial counsel for failure to object to the jury instruction that is the subject of federal ground 2.[3] The final portion of federal ground 4: ground 4(c) — ineffective assistance of trial counsel for failure to object to the rejection of the self-defense jury instruction that is the subject of federal ground 3 was presented to the Nevada Supreme Court in petitioner's appeal of the denial of his state postconviction petition. (Exh. 42.) Accordingly, federal ground 4(c) is exhausted.

---

[2]Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

[3]This Court has designated the three claims in federal ground 4 as 4(a) through (c).

## IV. PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. at 510 t. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that ground 3 is unexhausted, and the following claims in ground 4 are unexhausted: ground 4(a) — ineffective assistance of trial counsel for failing to object to the natural and probable consequences jury instruction and ground 4(b) — ineffective assistance of trial counsel for failing to object to the aiding and abetting / deadly weapon jury instruction (*see* federal ground 2). Respondents did not challenge any other grounds as subject to dismissal for failure to exhaust. The petition is a "mixed petition," containing both exhausted and unexhausted claims, and therefore, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the remaining exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

7

*Rhines*, 544 U.S. at 277. Thus, the Court held that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

## V.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss the amended petition (dkt. no. 24) is granted in part as follows:

  1.    Ground 3 is unexhausted.

  2.    The following portions of ground 4 are unexhausted:  ground 4(a) — ineffective assistance of trial counsel for failing to object to the natural and probable consequences jury instruction; and ground 4(b) — ineffective assistance of trial counsel for failing to object to the aiding and abetting / deadly weapon jury instruction.

  3.    Ground 4(c) — ineffective assistance of trial counsel for failing to object to the rejection of the self-defense jury instruction — is exhausted.

It is further ordered that petitioner, through counsel, shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining

grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

It is further ordered that petitioner's unopposed motion to extend time to respond to the motion to dismiss (dkt. no. 25) is granted *nunc pro tunc*.

DATED THIS 7th day of July 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE