# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| ARMANDO RAMIREZ, | Case No. 3:13-cv-00025-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| BAKER, *et al.*, | |
| Respondents. | |

This represented habeas matter pursuant to 28 U.S.C. § 2254 is pending for a decision on the merits of the three remaining grounds in Petitioner Armando Ramirez's amended petition.

In Ground 4, Ramirez alleged that he was denied effective assistance of counsel when trial counsel failed to preserve an objection to the jury instruction errors that are the subject of Grounds 1, 2 and 3. In earlier rulings, the Court held, *inter alia*, that all claims of ineffective assistance of trial counsel in Ground 4 were unexhausted except for a claim that Ramirez was denied effective assistance when counsel failed to preserve an objection to the state district court's rejection of a self-defense instruction. The Court designated the exhausted portion of Ground 4 as Ground 4(c). In its prior rulings, the Court rejected but did not expressly address Ramirez's argument that any unexhausted claims in Ground 4 (as well as Ground 3) were technically exhausted by "anticipatory default" because they would be procedurally defaulted if he returned to state court to exhaust the claims.

In subsequent rulings in other cases, the Court has discussed at length reliance upon an anticipatory default argument to establish technical exhaustion in habeas cases arising out of Nevada. The rulings distinguish between claims of ineffective assistance of trial counsel and other claims, including substantive claims. As discussed therein, on claims other than claims of ineffective assistance of trial counsel, the standards for overcoming a potential procedural default are substantially the same under federal and Nevada state law. On such claims, if a petitioner maintains that he has a potentially viable argument for overcoming a state procedural bar under those congruent standards, he must present such argument to the state courts in the first instance via a stay. In contrast, on claims of ineffective assistance of trial counsel, if the petitioner's only potentially viable basis for overcoming the procedural bar would be based upon *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court defers resolution of the cause-and-prejudice issue to an answer also on the merits, because the Nevada state courts do not recognize the rule in *Martinez* as a basis for overcoming a state procedural bar. That is, the federal and Nevada state law standards are not congruent with regard to the availability of the rule in *Martinez* to overcome the procedural default of a claim of ineffective assistance of trial counsel. *See generally Rodriguez v. Filson*, 2017 WL 6762466, at *4-6 (D. Nev. Dec. 29, 2017); *Myers v. Filson*, 2017 WL 5559954, at *2-4 (D. Nev. Nov. 17, 2017).

This case was not argued within the framework of these later rulings. Ramirez, in particular, did not unequivocally specify whether his only argument to overcome a procedural default of the unexhausted grounds in Ground 4 would be under *Martinez*.

The Court will afford Ramirez an opportunity to so specify. If Ramirez's sole basis for seeking to overcome a procedural default of the unexhausted claims in Ground 4 is under *Martinez*, the Court then will direct the filing of a supplemental answer and possible reply directed to whether, *inter alia*, the unexhausted claims of ineffective assistance of trial counsel in Ground 4 are substantial claims under *Martinez*.

Otherwise, the matter will proceed to a final disposition on the pleadings currently presented.

Nothing in this order pertains to Ground 3, which is a substantive claim not potentially subject to the rule of *Martinez.*

The current order further does not otherwise reopen either the pleadings or prior argument on the prior procedural rulings in this case. Ramirez of course may include with a statement filed in response to this Order a brief additional statement reaffirming that he does not concede either that the claims are unexhausted or that the Court's procedural holdings in this case and/or the cited cases are correct. Such a brief reservation of position aside, this Order otherwise does not reopen briefing on any issue or claim. The current order in particular does not reopen the pleadings as to Ground 4(c) following upon Ramirez's unilateral election to not address that exhausted claim in his reply prior to an appeal as to the remaining claims.

It is therefore ordered that, within twenty (20) days of entry of this Order, Ramirez will file a statement reflecting unequivocally whether his only argument to overcome a procedural default of the unexhausted grounds in Ground 4 would be under the rule established in *Martinez v. Ryan*, 566 U.S. 1 (2012).

DATED THIS 10th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE