UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>　　　　　　　Petitioner,<br>　　v.<br>BAKER, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:13-cv-00025-MMD-CBC<br><br>ORDER |

This represented habeas matter pursuant to 28 U.S.C. § 2254 is pending for a decision on the merits of the remaining grounds in Petitioner Armando Ramirez's amended petition.

Following upon Ramirez's response (ECF No. 52) to the recent order (ECF No. 50) for a supplemental statement, the Court will provide for the filing of a supplemental answer and reply directed also to the unexhausted but procedurally barred claims in Ground 4.

The Court additionally will provide another opportunity for the parties to possibly address, *inter alia*, the exhausted claims in Ground 4, which the Court previously designated as Ground 4(c), in conjunction with the unexhausted but barred claims.

As backdrop, Ramirez stated the following in the reply:

**F. Ground Four Cannot be Evaluated in Isolation of Ground Three Therefore Ramirez Requests this Court Not Rule on that Ground Until, Should it Occur, the Ninth Circuit Reverse its Procedural Ruling**

This Court has found unexhausted major portions of ineffective assistance of counsel Ramirez pleads in Ground Four. (*See* ECF No. 28.) This Court also found Ground Three to be unexhausted. The remainder of the claim

1

> cannot be properly understood and adjudicated without exploration, and reference to, Ground Three.
>
> With all due respect, Ramirez is confident the United States Court of Appeals will reverse this Court's procedural ruling. Therefore Ramirez reserves the right to brief Ground Three and Four after remand. Ramirez only asks that this Court, should it deny Grounds One and Two on the merits, grant him a certificate of appealability on whether its procedural rulings are correct.

(ECF No. 48 at 23.)

Ramirez may view the matter differently in the present circumstance where all of the claims in Ground 4, albeit not Ground 3, are being addressed in a supplemental answer and reply. Ramirez also may wish to consider the following.

Piecemeal appeals are strongly disfavored in federal practice. *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009); *United States v. MacDonald*, 435 U.S. 850, 853-54 (1978); *Admiral Ins. Co. v. United States District Court for the District of Arizona*, 881 F.3d 1486, 1490 (9th Cir. 1989). The only proper routes for Ramirez to have sought such piecemeal appeal and adjudication of the claims herein would have been pursuant to either Rule 54(b) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1292(b). The Court would not have been inclined to grant such relief under either provision in the circumstances presented even if it had been properly sought before the current reply. A petitioner otherwise may not, without consequence, allow the reply deadline to pass and fail to address a claim while embedding a declaration in the reply that he seeks piecemeal adjudication in the case.

The Court declines Ramirez's request for the Court to withhold ruling on Ground 4(c) or other claims and to enter a final appealable judgment that in fact does not resolve all currently pending claims. The Court further rejects Ramirez's unilateral reservation of a "right" to brief Ground 4(c) or other claims after a possible remand. Ramirez has no such right to argue the merits of pending claims only at a time of his own selection, particularly where the unilateral invocation of such a "right" would lead to piecemeal adjudication.

///

Moreover, Ramirez's suggestion that Ground 4(c) cannot be litigated separately without being able to also address the unexhausted and dismissed Ground 3 is belied by the state court record. The ineffective-assistance claim in Ground 4(c) was litigated separately during the state post-conviction proceedings through to a decision by the state supreme court. There is no valid reason to fail to address this or any other pending ground within the time allowed under the Court's scheduling order. A prior procedural dismissal of a related claim hardly is a novel circumstance in habeas litigation.

The Court therefore places Ramirez explicitly on notice that if, notwithstanding the current opportunity to file a supplemental reply, he again declines to address the currently pending claims while seeking to reserve a purported right to address those claims only after a later appeal, Ramirez will have defaulted his opportunity to address those claims thereafter. A party may not unilaterally disregard a scheduling order, at least without consequence.

While the Court will consider reasonable requests for extension of time following this order, the Court will be seeking to resolve this action as promptly as possible. In the event of scheduling conflicts between this case and other cases in this District, counsel therefore ordinarily should seek an extension in the later-filed case.

It is therefore ordered that, within thirty (30) days of entry of this order, Respondents will file a supplemental answer addressing all remaining claims in Ground 4. Respondents further may, in their discretion, also supplement therein their response to Ground 4(c) as well as any other ground previously addressed in the answer. The supplemental answer will specifically address Ramirez's reliance upon *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of the otherwise unexhausted claims in Ground 4.

It is further ordered that, within thirty (30) days of service of the supplemental answer, Ramirez may file a supplemental reply addressing: (a) all claims in Ground 4 and
///
///

(b) any additional claims also addressed further by Respondents in their supplemental answer.[1]

DATED THIS 5th day of September 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Court is not persuaded that any action other than that taken herein is warranted based upon Ramirez's argument in his statement regarding the Respondents' arguments in the Ninth Circuit in *Redeker*. (*See* ECF No. 52 at 2.)